# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER J. BARNETT,        ) | |
|                                       ) | |
|            Plaintiff,              ) | |
|                                       ) | |
| v.                                        ) | Case No. CIV-25-248-J |
|                                       ) | |
| OKLAHOMA STATE             ) | |
| REFORMATORY, et al.,        ) | |
|                                       ) | |
|           Defendants.           ) | |

## ORDER

Plaintiff Christopher J. Barnett, a state prisoner proceeding pro se, filed this civil rights action and an application to proceed in forma pauperis (IFP) on February 26, 2025 [Doc. No. 1]; [Doc. No. 2].[1] The Court referred the matter to United States Magistrate Judge Chris M. Stephens consistent with 28 U.S.C. § 636(b)(1)(B-C). [Doc. No. 5]. On April 28, 2025, Judge Stephens issued a Report and Recommendation recommending that the Court deny Plaintiff's IFP application and dismiss the action without prejudice unless he pays the full filing fee within 21 days of any order adopting the Report and Recommendation. (R. & R.) [Doc. No. 8 at 9-10]. Plaintiff timely objected to the Report and Recommendation. (Obj.) [Doc. No. 9].

The Court "applies de novo review to those findings on which Plaintiff specifically objected but reviews the non-objected to portions of the Recommendation only to confirm that there is no clear error on the face of the record." *Gauthier v. Hunt*, No. 5:20-CV-1153-J, 2021 WL 1886297, at *2 (W.D. Okla. May 11, 2021) (cleaned up).

---

[1] All page citations refer to the Court's CM/ECF pagination.

I.     **Report and Recommendation**

Upon review, Judge Stephens first found Plaintiff's IFP application barred by the Prison Litigation Reform Act's "three strikes" provision. The provision "revokes IFP privileges for any prisoner who has filed three or more lawsuits that fail to state a claim or are malicious or frivolous" unless the prisoner can demonstrate he faces imminent danger. *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) (citing 28 U.S.C. § 1915(g)) (cleaned up). To satisfy the imminent danger exception, Plaintiff alleges several past assaults and that, immediately prior to filing the instant action, Defendant Matthew McKeown threatened to send him "to a shit hole and have him beaten every day[.]" R. & R. at 5. However, Judge Stephens found that Plaintiff's past allegations of violence and Defendant McKeown's contemporaneous threat both failed to satisfy the imminent danger exception. Judge Stephens thus recommended denying Plaintiff's IFP application.

II.    **Analysis**

In his objection, Plaintiff claims that Judge Stephens erred in finding Defendants' threats neither imminent nor dangerous. Obj. at 1-3.

First, Plaintiff's objection insists that he mailed his Complaint the day after receiving Defendant McKeown's threat, and such a turnaround demonstrates imminency. Obj. at 2. Although courts may consider the timing of a lawsuit to infer whether danger is imminent or not, *see Lewis v. Tony*, No. 0:19-CV-61431-BLOOM, 2019 WL 8888203, at *2-3 (S.D. Fla. June 12, 2019), imminency is ultimately determined by an analysis considering whether "time is pressing and a [dangerous] threat or prison condition is real and proximate." *Tripati v. Pharmaccorri*, No. 5:13-CV-547-R, 2013 WL 5592619, at *1 (W.D. Okla. Oct. 10, 2013) (cleaned up); *see also Davis v. Rice*, 299 F. App'x 834, 835 (10th Cir. 2008) ("To satisfy the imminent danger exception, a complainant must offer specific fact allegations of ongoing serious physical injury[.]"). Here,

Plaintiff never alleges a contemporaneous injury, and the speed with which Plaintiff filed suit cannot establish imminency on its own.

Second, Plaintiff argues Judge Stephens erred in considering "only [the McKeown] incident" in determining if Plaintiff was in danger. Obj. at 2. But Plaintiff's other allegations concern past assaults and vague concerns about future beatings.[2] Such allegations play little role in an imminent danger analysis. *See Godfrey v. Norwood*, No. 5:19-CV-3001-SAC, 2019 WL 4034452, at *2 (D. Kan. Aug. 27, 2019) ("Allegations of past harm do not suffice.") (cleaned up); *Spotts v. Avalos*, No. 1:19-CV-2010-GPG, 2019 WL 9045331, *3 (D. Colo. July 16, 2019) (holding vague allegations of "possible future harm" insufficient to establish imminent danger).

### III.    Conclusion

Having reviewed Plaintiff's objections de novo and the unobjected-to portions of the Report and Recommendation for clear error, the Court agrees with Judge Stephens' analysis as to Plaintiff's three strikes and the inapplicability of the imminent danger exception. Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 8], and orders Plaintiff to pay the $405.00 filing fee within 21 days of this Order, or August 25, 2025. Plaintiff is advised that his failure to timely pay the filing fee will result in the dismissal of this action without prejudice.[3]

IT IS SO ORDERED this 4th day of August, 2025.

---

[2] Plaintiff also attempts to allege a pattern of misconduct to satisfy the imminent danger exception. *See Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008) (holding a plaintiff can satisfy the imminent danger exception by alleging specific facts to establish a "pattern of misconduct evidencing the likelihood of imminent serious physical injury"). But Plaintiff only provides vague allegations of past harm and, most importantly, fails to tie the past misconduct to his current assertion of imminent danger.

[3] In his Objection, Plaintiff requests to amend his Complaint. Obj at 4. The Court denies the request but will allow Plaintiff to move for leave to amend after the filing fee is paid.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

4